**UNITED STATES of America, Plaintiff,**

v.

**Mark DUNN, Defendant.**

**No. 90–10029.**

United States District Court, C.D. Illinois.

April 7, 1992.

K. Tate Chambers, Asst. U.S. Atty., Peoria, Ill., for plaintiff.

Mark Dunn, Rochester, Minn., for defendant.

## ORDER

MIHM, Chief Judge.

Before the court is the Defendant's "Motion for Return of Appellate Docketing Fee" (# 40). For the reasons set forth below, this motion is denied.

## BACKGROUND

On January 14, 1992, a final judgment was entered in this case reflecting that the Defendant had been convicted on drug and money laundering charges. One week later, on January 21, 1992, the Defendant filed a notice of appeal, and paid a filing fee of $105 to the clerk of this court. On January 27, 1992, however, the Defendant filed a motion to dismiss his appeal. A review of the file indicates that a short record was nonetheless sent to the Circuit Court of Appeals for the Seventh Circuit shortly thereafter and was received by the Clerk of that Court on February 5, 1992.

By letter of that same date, the record was returned to the District Court Clerk with instructions to refer the motion to dismiss the appeal back to this court. The communication from the Clerk of the Court of Appeals noted that no appeal had yet been docketed in the Seventh Circuit and therefore that the motion to dismiss the appeal could be handled by this court pursuant to Federal Rule of Appellate Procedure 42(a). On February 10, 1992, this court orally granted the Defendant's motion to dismiss the appeal.

About one month later, the Defendant filed the pending motion for return of the appellate docketing fee. In that motion, the Defendant argues that $100 of the docketing fee should be returned because no appeal was ever actually docketed with the Seventh Circuit. In the absence of a case being docketed there, the defendant argues, there is no justification for retention of the fee. The Defendant argues in the alternative that, if return of the fee is not permissible, it must be because an appeal was actually docketed with the Seventh Circuit, in which case the dismissal of the appeal ordered by this court should be vacated for lack of jurisdiction.

## DISCUSSION

 First of all, this court did have authority to dismiss the appeal under Fed.R.App.P. 42(a). That section authorizes the district court to dismiss an appeal which has not yet been docketed in the circuit court. There can be not doubt that the Defendant's appeal was never docketed with the Seventh Circuit. The Clerk of that Court returned the short record to the district court clerk on the very same day it received that record, and noted that the Defendant's appeal had not been docketed. Accordingly, the dismissal of the appeal by this court pursuant to Fed.R.App.P. 42(a) was appropriate and the Defendant's motion to vacate this dismissal is without merit.[1]

---

1. The Defendant's related argument that the dismissal should be vacated for non-compliance with Circuit Rules 51(d) and 4 is without merit. The local rules governing the appeal of the

Defendant's case before the Seventh Circuit do not come into play where the appeal was dismissed by this court before it was docketed in the Seventh Circuit. Circuit Rule 1 provides

■ Next is the Defendant's argument that, because no appeal was docketed, he is entitled to a return of his $100 docketing fee. When he filed his notice of appeal with the district court clerk, the Defendant paid the clerk a fee of $105. The first $5 of that fee is for the district court, pursuant to 28 U.S.C. § 1917. The remaining $100 of that fee is for the Circuit Court, pursuant to 28 U.S.C. § 1913 and the Judicial Conference Schedule of Fees reprinted thereunder. This $100 appellate docketing fee is to be collected by the clerk of the district court, as it was in this case. *See* Fed.R.App.P. 3(e).

The Defendant's request for return of this $100 fee finds no support in the language of the rules. Fed.R.App.P. 3(e) states simply that the appellant shall pay the filing fee at the time of filing the notice of appeal—it makes no mention about returning this money to the appellant under certain conditions. Moreover, it is reasonable to assume that the drafters of the rules were aware of the risk that an appellant might lose his filing fee on a dismissed appeal, because Rule 3(e) calls for payment of this fee up front despite the fact that some appeals could be dismissed under Rule 42(a) by the district court before they even reach the Court of Appeals.

The best argument in support of the notion that the fee which sponsored an appeal which was eventually dismissed under Rule 42(a) should be returned would be that the fee is not justified in light of the absence of expenses incurred by the Circuit Court. Presumably, the $100 fee is aimed at, at least in part, offsetting the cost of operating the court of appeals and processing that particular appeal. In a case such as this, the Defendant could argue, no real expenses were incurred by the Court of Appeals because it docketed no case—there were no hearings scheduled, no file folders used, and no postage costs expended (save the return of the short record to the district court).

However, in this case there were expenses incurred. Aside from the previous-

ly mentioned postage costs, a clerk of the Court had to examine the contents of the short record, determine that the dismissal should be handled by this court, and return the record with a letter to the district court clerk. Perhaps the true cost of these activities would not even approach $100. But such is not a basis for return of all or part of the fee. If the appellate court docketing fee were based upon ad hoc determinations of the actual cost of processing a particular appeal, the fee charged would always be different and would necessitate a great deal of additional bookkeeping by the Clerk's office. In this court's estimation, the docketing fees charged, to the extent that they are intended to cover administrative expenses of the court, are an average or an estimate of the cost of processing an appeal. Some may cost less; some may cost more. The justification for charging a flat rate is efficiency. Perhaps the Defendant did not receive the full value of his $100 appellate filing fee. However, under Fed.R.App.P. 3(e) and 42(a), such was the risk he took at the time he filed his notice of appeal. In the absence of some specific language authorizing return of the fee under these circumstances, the court rejects the Defendant's argument that he is entitled to a return of this money.

## CONCLUSION

For the reasons set forth above, the Defendant's motion for return of the appellate docketing fee (# 40) is DENIED.

---

that such rules shall govern only those proceedings brought or pending in that court. The

Defendant's appeal was never pending in the Seventh Circuit.